UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>　v.<br>MINERS CONTRACTING AND SUPPORT, INC., a Nevada Corporation, et al.,<br><br>　　　　　　　Defendants. | Case No. 3:13-cv-00203-MMD-VPC<br><br>ORDER<br><br>(Third-Party Def's Motion to Dismiss – dkt. no. 16) |
| INFRASTRUCTURE MATERIALS CORP., a Delaware Corporation,<br><br>　　　　　　　Third-Party Plaintiff,<br>　v.<br>SIERRA PACIFIC POWER COMPANY,<br><br>　　　　　　　Third-Party Defendant. | |

## I. SUMMARY

Before the Court is Third-Party Defendant Sierra Pacific Power Company's ("SPPC") Motion to Dismiss (Dkt. no. 16.) The Motion is granted.

## II. BACKGROUND

Third-Party Plaintiff Infrastructure Materials Corp. ("Infrastructure") is one of four Defendants in a trespass and negligence action brought by Plaintiff United States of America. (*See* dkt. no. 1.) This action relates to a wildfire in 2008 that occurred on land owned by the Bureau of Land Management ("Como Fire"). Plaintiff alleges that Infrastructure was negligent in starting the Como Fire.

Infrastructure filed a Third-Party Complaint against SPPC seeking to hold SPPC liable as a joint tortfeasor. (Dkt. no. 12.) The Third-Party Complaint alleges that SPPC "negligently and carelessly installed and maintained power poles and electric distribution lines adjacent to Old Como Road in Lyon County, Nevada, which created an unreasonable risk of igniting a fire on lands administered by the BLM." (Id. at ¶6.) It further alleges that SPPC's "negligence and carelessness in the maintenance of its power poles and electric distribution lines adjacent to Old Como Road in Lyon County, Nevada, ignited the 'Como Fire' on lands administered by the BLM . . . ." (Id. at ¶7.)

SPPC now moves to dismiss the Third-Party Complaint under Fed. R. Civ. P. 12(b)(6).

## III.   DISCUSSION

### A.   Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

### B. Analysis

Under Nevada law, a negligence claim must establish four elements: "(1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez v. Wal–Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev.2009).

SPPC argues that the Third-Party Complaint lacks specific facts to support its allegations, and amounts to "nothing more than the threadbare recitals of a course of action's elements, supported by conclusory statements condemned in *Twombly* and *Iqbal*[.]" (Dkt. no. 16 at 3.) In its opposition, Infrastructure states that the Third-Party Complaint alleges the specific facts "that [SPPC] negligently installed wooden power poles too close to a public thoroughfare dirt road; then allowed the wooden poles to develop rot and weaken so as to allow a pole to fall to the ground, where the electric distribution line ignited the 'Como Fire' which cause the fire suppression costs." (Dkt. no. 20 at 4.)

However, the Third-Party Complaint does not contain the facts identified in Infrastructure's opposition. The Third-Party Complaint merely alleges that SPPC "negligently and carelessly installed and maintained power poles and electric distribution

lines adjacent to Old Como Road," and that SPPC's "negligence and carelessness in the maintenance" of these power poles and electric distribution lines caused the Como Fire. (Dkt. no. 12 at ¶¶6-7.) The Third-Party Complaint does not contain any facts supporting Infrastructure's conclusory assertions that SPPC's actions were negligent and careless, or that its actions caused the Como Fire.

The allegations in the Third-Party Complaint do not allow the Court to "draw a reasonable inference that the defendant is liable for the alleged misconduct." *Iqbal*, 556 U.S. at 678. Stripped of its conclusory assertions that SPPC was negligent and caused the Como Fire, the only factual allegations in the Third-Party Complaint regarding SPPC are that it installed and maintained power poles and electric distribution lines near the site of the Como Fire. These allegations do not sufficiently set out a claim for negligence and the Third-Party Complaint should be dismissed.

Infrastructure asks for leave to amend. The court has discretion to grant leave and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (*quoting* Fed. R. Civ. P. 15(a)). As SPPC does not argue for dismissal with prejudice, and the deficiencies of the Third-Party Complaint may be cured, leave to amend will be granted.

## IV.   CONCLUSION

It is therefore ordered that Defendant SPPC's Motion to Dismiss (dkt. no. 16) is granted. Infrastructure may file an amended third-party complaint within fourteen (14) days of this Order.

DATED THIS 24th day of January 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4